IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PARIS WILLIAMS, | : | No. 3:26cv338 |
| Plaintiff | : | (Judge Munley) |
| v. | : | |
| DR. DEMIAN, et al., | : | |
| Defendants | : | |

## MEMORANDUM

Plaintiff Paris Williams ("Williams"), an inmate currently housed at the Lackawanna County Prison, in Scranton, Pennsylvania, commenced this pro se civil rights action pursuant to 42 U.S.C. § 1983. (Doc. 1). Williams seeks to proceed in forma pauperis. (Doc. 2).

The complaint is presently before the court for preliminary screening. For the reasons set forth below, the court will grant the motion to proceed in forma pauperis and dismiss the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

I.  **Allegations of the Complaint**

In the complaint, Williams names as defendants Dr. Demian, a dentist at the Lackawanna County Prison, and David Ramirez, Health Service Administrator at the Lackawanna County Prison. (Doc. 1, at 1-2).

On January 13, 2026, Williams sought "to have [his] teeth repaired and cleaned." (Id. at 3). Dr. Demian treated Williams and allegedly informed Williams that "the prison does not allow him to fix teeth [as] it is not in his contract to fix or clean teeth." (Id.). Dr. Demian further advised Williams that his office is only furnished with equipment to perform tooth extractions. (Id.).

Williams contends that he exhausted his administrative remedies with respect to his present claims. (Id. at 2). Williams alleges that Health Service Administrator Ramirez responded to his grievance and indicated that Williams' tooth decay was beyond repair. (Id. at 4).

Williams contends that the actions of defendants amounted to malpractice and negligence and violated his constitutional rights. (Id. at 3-5).

For relief, Williams seeks "700 million dollars" and requests that defendants be imprisoned and removed from their positions. (Id. at 6).

II.  **Legal Standard**

The court must dismiss, at the earliest practicable time, certain in forma pauperis and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2) (in forma pauperis actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions).

2

The legal standard for dismissing a complaint for failure to state a claim under 28 U.S.C. § 1915A(b), 28 U.S.C. § 1915(e)(2), or 42 U.S.C. § 1997e(c) is the same as that for dismissing a complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Brodzki v. Tribune Co., 481 F. App'x 705, 706 (3d Cir. 2012) (per curiam); Mitchell v. Dodrill, 696 F. Supp. 2d 454, 471 (M.D. Pa. 2010).

## III. Discussion

In order to establish an Eighth Amendment medical claim, a plaintiff "must show (i) a serious medical need, and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need." Natale v. Camden Cnty. Correctional Facility, 318 F.3d 575, 582 (3d Cir. 2003) (citing Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999)). A serious medical need is "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would recognize the necessity for a doctor's attention." Monmouth Cnty. Corr. Institutional Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987) (citation omitted). In addition, "if unnecessary and wanton infliction of pain…results as a consequence of denial or delay in the provision of adequate medical care, the medical need is of the serious nature contemplated by the eighth amendment." Id. (quotation and citation omitted).

A prison official acts with deliberate indifference to an inmate's serious medical needs when he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994). A mere difference of opinion between the prison's medical staff and the inmate regarding the diagnosis or treatment which the inmate receives does not support a claim of cruel and unusual punishment. See Farmer v. Carlson, 685 F. Supp. 1335, 1339 (M.D. Pa. 1988); see also McCracken v. Jones, 562 F.2d 22, 24 (10th Cir. 1977); Smart v. Villar, 547 F.2d 112, 113 (10th Cir. 1976), cert. denied, 450 U.S. 1041 (1981). Moreover, "[i]f a prisoner is under the care of medical experts...a non-medical prison official will generally be justified in believing that the prisoner is in capable hands." Spruill v. Gillis, 372 F.3d 218, 236 (3d Cir. 2004).

Assuming that Williams' allegations qualify as a serious medical condition for purposes of the Eighth Amendment analysis, the court must determine whether he has established a deliberate indifference to that need.

Upon review of the complaint, Williams has not alleged that defendants were deliberately indifferent to his serious medical needs. In Gillespie v. Hogan, 182 F. App'x 103 (3d Cir. 2006), the defendant dentist negligently removed the tooth of a prisoner, leaving part of the tooth in his gums for more than a year. Id.

4

at 104. As a result, the prisoner suffered significant pain and hardship while the tooth fragment remained in his mouth. Id. at 105. The Third Circuit held that the negligent oral surgery did not rise to the level of "deliberate indifference" required for a Section 1983 claim. Id.

Here, Williams does not even allege that he underwent any procedures by Dr. Demian. By Williams' own account, he presented to Dr. Demian for dental treatment on one occasion—on January 13, 2026. (Doc. 1, at 3). Williams alleges that Dr. Demian informed him that prison policy "does not allow him to fix teeth" and he did not have dental equipment to perform the procedures requested by Williams. (Id.). There is no indication that the actions of Dr. Demian were based on an ulterior motive beyond providing routine patient care. See Spruill, 372 F.3d at 237 (noting that in order to state a deliberate indifference claim, a plaintiff should in some way "connect[ ] his factual allegations to the alleged mental states" of the defendants). Based on the allegations, Williams has failed to allege that Dr. Demian had a culpable state of mind. Williams claims that Dr. Demian's actions amounted to negligent treatment. (Doc. 1, at 3-5). It is well-settled that "mere allegations of malpractice do not raise issues of constitutional import," and Williams' claim must fail. Lanzaro, 834 F.2d at 346.

In addition, Williams' complaints about the type of dental services rendered amount to little more than disagreement with treatment methods, which is also

insufficient to state a constitutional violation. See Spruill, 372 F.3d at 235 ("[m]ere disagreement as to the proper medical treatment" is insufficient to state a constitutional violation) (citations omitted). Although Dr. Demian's dental care may have been constrained by prison policy, Williams "does not have a constitutional right to unlimited medical care of his choosing, free from all considerations of cost." Winslow v. Prison Health Servs., 406 F. App'x 671, 675-76 (3d Cir. 2011).

Hence, the allegations of the complaint do not amount to deliberate indifference to a serious medical need. See, e.g., Isenberg v. Prasse, 433 F.2d 449 (3d Cir. 1970) (rejecting a claim that malpractice by a dentist while extracting teeth constitutes unconstitutional cruel and unusual punishment); Green v. Dep't of Corr., 2012 WL 2354443, *3 (3d Cir. 2012) (finding that the prisoner's claim that the prison dentist accidentally broke his front tooth alleged mere negligence and did not rise to the level of deliberate indifference to the prisoner's needs). There is no indication that the actions of Dr. Demian were deliberate or intentional or that he possessed the requisite mental intent to sustain a deliberate indifference claim. Williams appears to be dissatisfied with the treatment he received, but his dissatisfaction does not support a deliberate indifference claim. See Tillery v. Noel, 2018 WL 3521212, at *5 (M.D. Pa. June 28, 2018) (collecting cases) ("an inmate's dissatisfaction with a course of medical treatment, standing

alone, does not give rise to a viable Eighth Amendment claim."). Such complaints fail as constitutional claims because "prison authorities are accorded considerable latitude in the diagnosis and treatment of prisoners," Durmer v. O'Carroll, 991 F.2d 64, 67 (3d Cir. 1993) (citations omitted), and "the exercise by a doctor of his professional judgment is never deliberate indifference," Gindraw v. Dendler, 967 F. Supp. 833, 836 (E.D. Pa. 1997) (citing Brown v. Borough of Chambersburg, 903 F.2d 274, 278 (3d Cir. 1990) ("[A]s long as a physician exercises professional judgment his behavior will not violate a prisoner's constitutional rights.")).

With respect to Health Service Administrator Ramirez, Williams alleges that defendant Ramirez responded to his grievance. (Doc. 1, at 4). There are no further allegations against defendant Ramirez. (See generally Doc. 1). To the extent that Williams alleges that he submitted a grievance to Ramirez, and Ramirez failed to intercede, this is insufficient, alone, to rise to the level of a constitutional violation, especially since Williams was treated by a dental professional. A defendant's review and denial of a prisoner's grievance is not sufficient to establish the defendant's personal involvement in an underlying violation of the prisoner's constitutional rights. Dooley v. Wetzel, 957 F.3d 366, 374 (3d Cir. 2020); see also Durmer, 991 F.2d at 69 (nonmedical prison officials' failure to respond to inmate letters complaining of underlying conduct is not

7

unconstitutional). Thus, Williams' attempt to establish liability against defendant Ramirez based upon his response to a grievance is not sufficient to establish his personal involvement in an underlying civil rights violation. See Simonton v. Tennis, 437 F. App'x 60, 62 (3d Cir. 2011) (nonprecedential) ("[A] prison official's secondary review of an inmate's grievance or appeal is not sufficient to demonstrate the personal involvement required to establish the deprivation of a constitutional right.").

Further, the court acknowledges that Health Care Administrators, such as defendant Ramirez, "are undisputably administrators, not doctors." Thomas v. Dragovich, 142 F. App'x 33, 39 (3d Cir. 2005) (nonprecedential). Based on the allegations of the complaint, it is clear that Williams presented to a dental professional for treatment. "[A]bsent a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner, a non-medical prison official...will not be chargeable with the Eighth Amendment scienter requirement of deliberate indifference." Spruill, 372 F.3d at 236; see also Durmer, 991 F.2d at 69 (finding that failure by nonmedical prison officials to respond to medical complaints from prisoner-plaintiff "already being treated by the prison doctor" does not establish deliberate indifference). This claim against defendant Ramirez likewise fails.

### IV. Leave To Amend

When a complaint fails to present a prima facie case of liability, district courts must generally grant leave to amend before dismissing the complaint. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000). Specifically, the Third Circuit Court of Appeals has admonished that when a complaint is subject to dismissal for failure to state a claim, courts should liberally grant leave to amend "unless such an amendment would be inequitable or futile." Phillips v. Cnty. of Allegheny, 515 F.3d 224, 245 (3d Cir. 2008). Williams' claims against the defendants are factually and legally flawed and thus incurable. Therefore, the court concludes that curative amendment would be a futile endeavor.

### V. Conclusion

Consistent with the foregoing, the court will dismiss the complaint for failure to state a claim in accordance with 28 U.S.C. § 1915(e)(2)(B)(ii).

An appropriate order shall issue.

Date: February 12, 2026

JUDGE JULIA K. MUNLEY
United States District Court